UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 20 CR 696 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| ANTHONY SIMPKINS-MCDONALD | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully recommends the Court impose a sentence at the low end of the advisory Guidelines range of 37 to 46 months' imprisonment, in order to reflect the seriousness of defendant's offense, afford adequate deterrence, promote respect for the law, and provide just punishment.

**OFFENSE CONDUCT**

On August 14, 2020, at approximately 9:51 p.m., defendant Anthony Simpkins-McDonald was pulled over while driving alone in Niles, Illinois. Officers recovered a semi-automatic Taurus G2C 9 millimeter firearm loaded with 6 live rounds of ammunition and a 9 millimeter magazine containing 22 live rounds of ammunition from defendant's vehicle.

Defendant had consumed marijuana in the hours before he got behind the wheel. He exhibited minimal signs of impairment during a field sobriety test. In addition, defendant had cannabis leaves, brown plant-like material, and an open container of cannabis in his car.

Defendant was charged with being a felon-in-possession of a firearm and pleaded guilty on January 25, 2022. Dkt. 65.

## ADVISORY GUIDELINES RANGE

The PSR correctly calculated defendant's guidelines range to be 37 to 46 months' imprisonment based on an adjusted offense level of 19 combined with a criminal history category of III.

## 18 U.S.C. § 3553(a) FACTORS

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing.[1] In order to determine the sentence, the Court must consider the statutory factors listed in 18 U.S.C. § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, consideration of the § 3553(a) factors reflects that a sentence at the low end of the advisory Guidelines range is warranted and necessary.

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

I.  **The Nature and Circumstances of the Offense and Defendant's History and Characteristics**

On August 14, 2020, defendant possessed a loaded firearm while driving under the influence of marijuana in Niles, Illinois. The danger defendant posed to the community was significant, not just because he possessed a loaded firearm, but also because he was driving under the influence at the time.

Defendant's criminal history also demonstrates that he poses a serious danger to the community. At 27 years old, defendant has been convicted of robbery in 2017, burglary in 2014, and theft in 2013. PSR ¶¶ 30-32. Defendant's robbery conviction arose from an incident in which shots were fired inside a hospital lobby, after which defendant fled the hospital and was arrested with blood on his shoulder. PSR ¶ 32.

In addition to his criminal history, defendant has been involved in two car accidents in recent years, including one accident since his release on bond. PSR ¶¶ 34, 56. It appears these accidents are related to his regular use of marijuana. Considered with the circumstances surrounding the traffic stop in this case, defendant poses a danger to society when he is behind the wheel while under the influence.

Defendant's background and upbringing are mitigating factors. He grew up in Chicago, Illinois, where he was raised by a single mother with limited financial means and was exposed to domestic violence as a child. PSR ¶¶ 48-49. During the brief period in which defendant lived with his father, he suffered physical abuse. PSR ¶ 48. Defendant also has a young daughter who he helps to care for. PSR ¶ 53. While these are mitigating factors the Court should consider, he nevertheless poses a significant danger to the community.

## II.    The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

A Guidelines sentence is warranted to promote respect for the law, provide just punishment, and afford adequate deterrence. As to specific deterrence, defendant's prior 3-year custodial sentence (PSR ¶ 32) has not deterred him from possessing a firearm. A substantial custodial sentence is therefore warranted to show defendant that possessing a firearm—given his criminal background—will carry serious consequences and prison time.

General deterrence is also important. The illegal possession of firearms by felons is a very serious offense that threatens the safety of the public. The unlawful possession of firearms has crippled communities across the Chicagoland region. The consequences of picking up an illegal firearm must be severe enough such that a convicted felon who decides to do so understands the serious consequences that this decision entails. Too many people in this city believe that they can unlawfully possess firearms with impunity. This needs to stop, and this case can serve as a powerful message that the unlawful possession of a firearm carries significant consequences.

## III.    Supervised Release

Defendant's conduct while on pretrial supervision indicates that defendant poses a risk to the community and has not taken seriously the Court's orders. For example, he was ticketed for possessing an open container of alcohol and tested positive for marijuana. In addition, he has regularly used marijuana and alcohol while on bond. PSR ¶¶ 64, 66. In light of defendant's violations, his substance abuse and mental health issues, and the serious nature of the offense, the government

recommends a supervised release term of three years. The government does not object to the conditions of supervised release recommended by Probation.

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of 37 months' imprisonment, at the low end of the advisory Guidelines range.

          Respectfully submitted,

          JOHN R. LAUSCH, JR.
          United States Attorney

By:   */s/ Julia K. Schwartz*
          JULIA K. SCHWARTZ
          Assistant U.S. Attorneys
          219 South Dearborn St., Rm. 500
          Chicago, Illinois 60604
          (312) 353-5300